# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT of TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GILBERT SANCHEZ,<br>TDCJ # 1466494,<br><br>   Plaintiff<br><br>v.<br><br>GLORIA CANTU,<br>JOSEFA TIJERINA,<br>DENISE SAUCEDA,<br>JAMES FITTS,<br><br>   Defendants | §§§§§§§§§§§§§§ | Civil Action<br>No. SA-11-CA-742 OG (NN) |

## SHOW CAUSE ORDER

Before the Court is Plaintiff Gilbert Sanchez's 42 U.S.C. § 1983 civil rights complaint. Plaintiff alleges that on May 28, 2009, he reported having sever stomach pain, cramps, diarrhea, and vomiting to the Briscoe Unit Medical Department. He was seen by nurse Gloria Cantu, and he was given Ibuprofen and Pepto-Bismol and he was told to stop crying. The next day Plaintiff reported continued agitation, and he requested a doctor. Practice Manager Denise Sauceda asked Plaintiff by phone about his symptoms. Plaintiff related his symptoms and he was again given Ibuprofen. The next morning, he was given a shot by nurse Josefa Tijerina. Plaintiff again asked to see a doctor, but Tijerina said Sauceda and Dr. James Fitts had consulted with her and had approved what she had done. Tijerina said no other treatment was necessary. Plaintiff's pain and symptoms continued up to June 5, 2009, when he was transferred to a hospital, where he was informed that his appendix had burst. Plaintiff underwent surgery on June 8, 2009. Plaintiff states he lost seventeen pounds from May 28, 2009, to June 5, 2009. He states he still suffers from a hernia at the incision area. Plaintiff asserts Defendants were deliberately indifferent to his serious medical needs.

Title 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) states the court shall dismiss an in forma pauperis complaint if the court determines it is frivolous or malicious, or fails to state a claim on which relief may be granted. An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action may be dismissed for failure to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6) where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-6 (1957). For the purpose of making these determinations, this Court accepts as true the factual allegations of the complaint. *U.S. v. Gaubert*, 499 U.S. 315, 326 (1991).

When interpreting a prisoner's IFP complaint, the court should look at the substance of the complaint setting aside statements of "bare legal conclusions, with no suggestion of supporting facts." *See Wesson v. Oglesby*, 910 F. 2d 278, 281 (5th Cir. 1990). Conclusory IFP complaints may be dismissed as frivolous. *See, e.g.*, *Wilson v. Budney*, 976 F. 2d 957, 958 (5th Cir. 1992); *Moody v. Baker*, 857 F. 2d 256, 257 (5th Cir. 1988).

*Plaintiff's claims in his § 1983 Complaint are frivolous or fail to state a claim and therefore are subject to dismissal for the following reasons:*

1. Claims may be dismissed as frivolous pursuant to § 1915 where it is clear the claims are barred by limitations. *Gonzalez v. Wyatt*, 157 F. 3d 1016, 1019 (5th Cir. 1998). The statute of limitations for civil rights claims arising in Texas is two years. *See Gonzales v. Wyatt*, 157 F. 3d 1016, 1019 (5th Cir. 1998) (Texas' two-year tort statute of limitations applies to § 1983 actions in Texas). Plaintiff filed his complaint in September 2011. His claims concerning matters occurring no later than June 2009 are apparently barred by the applicable statute of limitations.

**Therefore, Plaintiff shall show cause within twenty-one (21) days why this Court should not dismiss his claims as frivolous because his claims are barred by the statute of limitations, as explained in this Order.** If Plaintiff fails to respond to this Order, this action will be dismissed for failure to prosecute and failure to comply with this Order. *See* Fed. R. Civ. P. 41(b).

**SIGNED** on September 30, 2011.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE